# IN RE BAKER.*

---

PATENTS; LACK OF INVENTION.

In view of the state of the art relating to combined funnels and valves, and in view of a former patent which shows a reversible funnel in combination with a valve, the using the neck of a funnel as part of a plug valve to be opened by turning the funnel involves nothing more than the work of a skilled mechanic, and does not amount to invention.

No. 289. Patent Appeals. Submitted November 14, 1905. Decided December 7, 1905.

---

*Invention.*—The decisions determining what constitutes invention are presented in editorial notes to *Evans* v. *Eaton,* 4 L. ed. U. S. 433; *Corning* v. *Burden,* 14 L. ed. U. S. 683; *Grant* v. *Walter,* 37 L. ed. U. S. 553; *Wollensak* v. *Sargent,* 38 L. ed. U. S. 138; *Market Street Cable R. Co.* v. *Rowley,* 39 L. ed. U. S. 285 and *Dashiell* v. *Grosvenor,* 40 L. ed. U. S. 1025.

HEARING on an appeal from a decision of the Commissioner of Patents refusing an application for a patent.      *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Clifford E. Dunn* and *Messrs. Bacon & Milans* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents rejecting the application of Clara A. Baker for a patent for a combination inlet valve and funnel, having the following elaborate claims:

"1. In a liquid-filling cock the combination with a valve, of a funnel connected thereto so that by turning up said funnel the valve is opened, while by turning it down the valve is closed, substantially as described.

"2. In a liquid-filling cock the combination with a valve having two passageways, of a funnel connected thereto so that by turning up said funnel the valve is opened, while by turning it down the valve is closed, substantially as described.

"3. In a combination inlet valve and funnel, a valve casing having a suitable port therein, a funnel having a bend and a shank, said shank having a corresponding port and forming the plug of said valve, so that a movement of the funnel operates said valve, substantially as described.

"4. In a combination inlet valve and funnel, a valve casing having suitable ports therein, a funnel having a bend and shank, said shank having corresponding ports and forming the plug of said valve, so that a movement of the funnel operates said valve, substantially as described.

"5. In a combination inlet valve and funnel, a valve casing having a suitable port therein, means for holding parts together,

a funnel having a bend and shank, said shank having a corresponding port and forming the plug of said valve so that a movement of the funnel operates said valve, substantially as described.

"6. In a combination inlet valve and funnel, a valve casing having a suitable port therein, a funnel having a bend and a shank, threaded end on said shank, a washer, and a nut on said threaded end, said shank having a corresponding port and forming the plug of said valve so that a movement of the funnel operates said valve, substantially as described.

"7. In a combination inlet valve and funnel, a valve casing having a suitable inlet port therein, a plug at right angles to said inlet port, which plug is provided with a corresponding port, a funnel having a bend formed integral with said plug for operating the same, and a continuous passage connecting said bend, said plug, and said inlet port when the funnel is turned up, substantially as described.

"8. In a combination inlet valve and funnel, a valve casing having a suitable inlet port therein, a plug at right angles to said inlet port, which plug is provided with a corresponding port, a funnel having a bend formed integral with said plug for operating the same, and a continuous passage connecting said bend, said plug, and said inlet port with the open air when the funnel is turned up."

These claims were rejected on references made to the following patents: Hurff, August 18, 1868, No. 81,091, improvement in house ventilators; Richardson, March 25, 1890, No. 423,954, measuring funnel; Andlauer, August 26, 1890, No. 435,272, attachment to gasolene stoves; William C. Baker, April 12, 1892, No. 396,288, car heating apparatus.

As the funnel and valve connections shown in the Hurff, Richardson, and Andlauer patents, were never used in a car-heating system or anything related thereto, it may be possible that they ought not, of themselves, to stand in the way of a patent to the applicant, whose combination is primarily intended for use in what is called the "Baker system" of car heating, although it is stated that her device is particularly well adapted for filling boilers, expansion drums on Baker heaters, gasolene

and water tanks in automobiles, and the like. But this we need not undertake to decide, as we are of opinion that the application is met by the reference to the Baker patent. That Baker was the inventor of the Baker car-heating system, and, it is stated, was the father of the applicant. That patent shows a reversible funnel in combination with a valve, the funnel working in conjunction with the valve to accomplish the same purpose sought in applicant's improvement. Considering this, as well, also, as the general state of the art relating to combined funnels and valves, we fully agree with the Commissioner that the improvement made in using the neck of the funnel as part of the plug valve to be opened by turning the funnel shows nothing more than the work of a skilled mechanic. It did not amount to invention.

The decision will therefore be affirmed, and the proceedings herein certified to the Commissioner of Patents as required by law. It is so ordered.          *Affirmed.*